IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUONG GILMER GIACCIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:26-CV-0851-G-BW |
| DARWIN ORTEGA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the court is the plaintiff Huong Gilmer Giaccio ("Giaccio")'s Emergency
Notice of Arrest Threat, Motion for Leave to Supplement, and Renewed Request for
Narrow Injunctive Relief, filed on June 25, 2026. *See* docket entry 11. The court
**DENIES** the motion for the reasons that follow.

### I. Leave to Supplement

In her filing, Giaccio "asks for leave to supplement the Complaint with events
occurring after the original filing" under Federal Rule of Civil Procedure 15(d) and
lists topics of alleged conduct that she seeks to add to her complaint. *Id*. at 2.
By order entered April 30, 2026, the court ordered that a complete amended
complaint must be attached to any motion to amend the complaint. *See* docket entry
7. As Giaccio's motion seeks to add alleged bases to support her claims for relief in

her live motion, she is seeking to amend her complaint.  Because she has failed to file a complete proposed amended complaint with her motion for leave, Giaccio's motion to supplement the complaint is **DENIED WITHOUT PREJUDICE** to her filing a proper motion with an attached proposed amended complaint in accordance with the court's April 30 order.

## II.  Injunctive Relief

Giaccio also seeks injunctive relief in the form of "narrow protection from arrest, warrant, capias, capias pro fine, or enforcement pressure . . . unless and until Defendants produce and the Court can review the lawful basis for that designation." Docket entry 11 at 2 (emphasis omitted).

As an initial matter, a preliminary injunction may issue only after notice is provided to the adverse party.  *See* FED. R. CIV. P. 65(a)(1).  A court may issue a temporary restraining order ("TRO") without prior notice to the adverse party, but only if the requirements of Federal Rule of Civil Procedure 65(b)(1) are satisfied. The party seeking a preliminary injunction or TRO bears the burden of showing that she is entitled to it.  See *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). Giaccio has not shown that she has given proper notice to the defendant of her request for injunctive relief under Federal Rule of Civil Procedure 65(a).  Despite stating that she "will email" her motion to "City of Carrollton, Municipal Court counsel[,]" *see* docket entry 11 at 3, not only does she fail to show that such notice

was completed or is adequate, but also, the City of Carrollton is not a party in this civil rights action. Nor has Giaccio satisfied any of the procedural requirements for a TRO under Rule 65(b)(1). Her motion therefore is subject to denial on these procedural deficiencies alone.

In addition to the procedural requirements, Giaccio must also satisfy the substantive requirements for a preliminary injunction to obtain injunctive relief. Issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quotation marks and citation omitted). A preliminary injunction is the exception, not the rule. See *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). To obtain a preliminary injunction, the moving party must show: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any damage the injunction might cause to the opponent; and (4) that the injunction will not disserve the public interest." *Enterprise International, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 471 (5th Cir. 1985) (citations omitted); *Women's Medical Center of Northwest Houston v. Bell*, 248 F.3d 411, 419 n.15 (5th Cir. 2001) (citation omitted). If the moving party fails to carry the

"heavy burden" to satisfy each of these prerequisites, a preliminary injunction is not warranted. *Enterprise International*, 762 F.2d at 472 (citation omitted).

Here, Giaccio's motion seeks injunctive relief against a non-party and contains – at best – only conclusory allegations on each of the four requirements. She therefore fails to satisfy her heavy burden of showing that she is entitled to a preliminary injunction or TRO on this additional basis. The court therefore **DENIES** Giaccio's request for injunctive relief.

### III.  Additional Relief

In the request for relief at the conclusion of her motion, Giaccio seeks a hearing and "production of the sworn complaints, inspection records, photographs, online listing evidence, witness list and statements, officer notes, and legal basis used to identify Plaintiff as responsible for each citation[.]" Docket entry 11 at 3 (emphasis omitted). Discovery in this action is stayed until the defendant is ordered to file an answer or until further notice by the court. *See* docket entry 7 at 1. Accordingly, the court **DENIES** Giaccio's request for the production of records and a hearing.

**SO ORDERED**.

July 6, 2026.

_____
**A. JOE FISH**
**Senior United States District Judge**

- 4 -